SECTION 4.02  Application of Trust Money. All moneys deposited with the Indenture Trustee pursuant to Section 4.01 hereof shall be held in trust and applied by it, in accordance with the provisions of the Notes and this Indenture, to the payment, either directly or through any Paying Agent, as the Indenture Trustee may determine, to the holders of the particular Notes for the payment of which such moneys have been deposited with the Indenture Trustee, of all sums due and to become due thereon for principal of and interest on each Class of Notes; but such moneys need not be segregated from other funds except to the extent required herein or required by law.

SECTION 4.03  Repayment of Moneys Held by Paying Agent. In connection with the satisfaction and discharge of this Indenture with respect to the Notes, all moneys then held by any Paying Agent other than the Indenture Trustee under the provisions of this Indenture with respect to such Notes shall, upon demand of the Issuer, be paid to the Indenture Trustee to be held and applied according to Section 3.03 and thereupon such Paying Agent shall be released from all further liability with respect to such moneys.

ARTICLE V

Remedies

SECTION 5.01  Events of Default. "Event of Default", wherever used herein, means any one of the following events (whatever the reason for such Event of Default and whether it shall be voluntary or involuntary or be effected by operation of law or pursuant to any judgment, decree or order of any court or any order, rule or regulation of any administrative or governmental body):

(i) default in the payment of any interest on any Note when the same becomes due and payable, and such default shall continue for a period of three (3) Business Days (*provided, however*, so long as (x) any of the Class A Notes are outstanding, each holder of any Class B Note or Class C Note or the Note Owner of any such Class B Note or Class C Note by such holder's acceptance of such Class B Note or Class C Note or beneficial interest therein, as the case may be, shall be deemed to have consented to the delay in payment of interest on such Class B Note or Class C Note and to have waived its right to institute suit for enforcement of any such payment, or (y) any of the Class B Notes are outstanding, each holder of any Class C Note or the Note Owner of any such Class C Note by such holder's acceptance of such Class C Note or beneficial interest therein, as the case may be, shall be deemed to have consented to the delay in payment of interest on such Class C Note and to have waived its right to institute suit for enforcement of any such payment); or

(ii) default in the payment of the principal of any Note (x) when the same becomes due and payable (but only to the extent there exists sufficient Available Funds, therefor), or (y) on the Final Maturity Date with respect thereto; or

(iii) default in the observance or performance of any covenant or agreement of the Issuer made in this Indenture or any other Basic Document (other than a covenant or agreement, a default in the observance or performance of which is elsewhere

32

in this Section specifically dealt with), or any representation or warranty of the Issuer made in this Indenture or any other Basic Document or in any certificate or other writing delivered pursuant hereto or in connection herewith proving to have been incorrect in any material respect as of the time when the same shall have been made, and such default shall continue or not be cured, or the circumstance or condition in respect of which such misrepresentation or warranty was incorrect shall not have been eliminated or otherwise cured, for a period of 30 days after there shall have been given, by registered or certified mail, to the Issuer by the Indenture Trustee or to the Issuer and the Indenture Trustee by the Interested Noteholders, representing not less than 25% of the Outstanding Amount of the applicable Classes of Notes; a written notice specifying such default or incorrect representation or warranty and requiring it to be remedied and stating that such notice is a notice of Default hereunder; or

(iv) the filing of a decree or order for relief by a court having jurisdiction in the premises in respect of the Issuer or any substantial part of the Indenture Trust Estate in an involuntary case under any applicable Federal or state bankruptcy, insolvency or other similar law now or hereafter in effect, or appointing a receiver, liquidator, assignee, custodian, trustee, sequestrator or similar official of the Issuer or for any substantial part of the Indenture Trust Estate, or ordering the winding-up or liquidation of the Issuer's affairs, and such decree or order shall remain unstayed and in effect for a period of 60 consecutive days; or

(v) the commencement by the Issuer of a voluntary case under any applicable Federal or state bankruptcy, insolvency or other similar law now or hereafter in effect, or the consent by the Issuer to the entry of an order for relief in an involuntary case under any such law, or the consent by the Issuer to the appointment or taking possession by a receiver, liquidator, assignee, custodian, trustee, sequestrator or similar official of the Issuer or for any substantial part of the Indenture Trust Estate, or the making by the Issuer of any general assignment for the benefit of creditors, or the failure by the Issuer generally to pay its debts as such debts become due, or the taking of action by the Issuer in furtherance of any of the foregoing.

SECTION 5.02 *Acceleration of Maturity; Rescission and Annulment*. If an Event of Default should occur and be continuing, then and in every such case the Indenture Trustee at the direction of the Interested Noteholders representing not less than a majority of the Outstanding Amount of the applicable Classes of Notes, shall declare all the Notes to be immediately due and payable, by a notice in writing to the Issuer (and to the Indenture Trustee if given by the holders of the Notes), and upon any such declaration the unpaid principal amount of the Notes, together with accrued and unpaid interest thereon through the date of acceleration, shall become immediately due and payable.

At any time after such declaration of acceleration of maturity has been made and before a judgment or decree for payment of the money due has been obtained by the Indenture Trustee as hereinafter in this Article V provided, the Interested Noteholders representing not less than a majority of the Outstanding Amount of the applicable Classes of Notes, by written notice to the Issuer and the Indenture Trustee, may rescind and annul such declaration and its consequences if:

33

Filed in Second Judicial District Court
2/18/2006 1:09:15 AM
Ramsey County, MN

    (i) the Issuer has paid or deposited with the Indenture Trustee a sum sufficient to pay:

    (A) all payments of principal of and interest on all Notes, and all other amounts that would then be due hereunder or upon such Notes if the Event of Default giving rise to such acceleration had not occurred; and

    (B) all sums paid or advanced by the Indenture Trustee hereunder and the reasonable compensation, expenses, disbursements and advances of the Indenture Trustee and its agents and counsel; and

    (ii) all Events of Default, other than the nonpayment of the principal of the Notes that have become due solely by such acceleration, have been cured or waived as provided in Section 5.12.

No such rescission shall affect any subsequent default or impair any right consequent thereto.

  SECTION 5.03 <u>Collection of Indebtedness and Suits for Enforcement by Indenture Trustee</u>. (a) The Issuer covenants that if (i) default is made in the payment of any interest on any Note when the same becomes due and payable, and such default continues for a period of three Business Days, or (ii) default is made in the payment of the principal on the related Final Maturity Date of a Class of Notes when the same becomes due and payable in accordance with Section 2.07(b), the Issuer will, upon demand of the Indenture Trustee, pay to the Indenture Trustee, for the benefit of the holders of the Notes, the whole amount then due and payable on such Notes for principal and interest, with interest upon the overdue principal, and, to the extent payment at such rate of interest shall be legally enforceable, upon overdue installments of interest at the rate specified in Section 2.07 and in addition thereto such further amount as shall be sufficient to cover the costs and expenses of collection, including the reasonable compensation, expenses, disbursements and advances of the Indenture Trustee and its agents and counsel.

  (b) In case the Issuer shall fail forthwith to pay such amounts upon such demand, the Indenture Trustee, in its own name and as trustee of an express trust, may, or shall at the written direction of the Interested Noteholders, representing not less than a majority of the Outstanding Amount of the applicable Classes of Notes, institute a Proceeding for the collection of the sums so due and unpaid, and prosecute such Proceeding to judgment or final decree, and enforce the same against the Issuer or other obligor upon such Notes, and collect in the manner provided by law out of the property of the Issuer or other obligor upon such Notes wherever situated, the moneys adjudged or decreed to be payable.

  (c) If an Event of Default occurs and is continuing, the Indenture Trustee may, or shall at the written direction of the Interested Noteholders, representing not less than a majority of the Outstanding Amount of the applicable Classes of Notes, as more particularly provided in Section 5.04, proceed to protect and enforce its rights, the rights of the holders of the Notes, as applicable, by such appropriate Proceedings as the Indenture Trustee shall deem most effective to protect and enforce any such rights, whether for the specific enforcement of any covenant or agreement in this Indenture or in aid of the exercise of any power granted herein, or

to enforce any other proper remedy or legal or equitable right vested in the Indenture Trustee by this Indenture or by law.

(d) In case there shall be pending, relative to the Issuer or any other obligor upon the Notes, or any Person having or claiming an ownership interest in the Indenture Trust Estate, Proceedings under Title 11 of the United States Code or any other applicable Federal or state bankruptcy, insolvency or other similar law, or in case a receiver, assignee or trustee in bankruptcy or reorganization, liquidator, sequestrator or similar official shall have been appointed for or taken possession of the Issuer or its property or such other obligor or Person, or in case of any other comparable judicial Proceedings relative to the Issuer or other obligor upon the Notes, or to the creditors or property of the Issuer or such other obligor, the Indenture Trustee, irrespective of whether the principal of any Notes shall then be due and payable as therein expressed or by declaration or otherwise and irrespective of whether the Indenture Trustee shall have made any demand pursuant to the provisions of this Section, may, or shall at the written direction of the Interested Noteholders representing not less than a majority of the Outstanding Amount of the applicable Classes of Notes, be entitled and empowered, by intervention in such proceedings or otherwise:

(i) to file and prove a claim or claims for the whole amount of principal of and interest on each Class of Notes owing and unpaid in respect of the Notes and to file such other papers or documents as may be necessary or advisable in order to have the claims of the Indenture Trustee (including any claim for reasonable compensation to the Indenture Trustee and each predecessor Indenture Trustee, and their respective agents, attorneys and counsel, and for reimbursement of all expenses and liabilities incurred, and all advances made, by the Indenture Trustee and each predecessor Indenture Trustee, except as a result of negligence or bad faith) and the holders of the Notes allowed in such Proceedings;

(ii) unless prohibited by applicable law and regulations, to vote on behalf of the holders of the Notes in any election of a trustee, a standby trustee or Person performing similar functions in any such Proceedings;

(iii) to collect and receive any moneys or other property payable or deliverable on any such claims and to distribute all amounts received with respect to the claims of the holders of the Notes and of the Indenture Trustee on their behalf;

(iv) to file such proofs of claim and other papers or documents as may be necessary or advisable in order to have the claims of the Indenture Trustee or the holders of the Notes allowed in any judicial proceedings relative to the Issuer, its creditors and its property; and

(v) to take any other action with respect to such claims including participating as a member of any official committee of creditor's appointed in the matters as it deems necessary or advisable;

and any trustee, receiver, liquidator, custodian or other similar official in any such Proceeding is hereby authorized by each of such holders of the Notes to make payments to the

Indenture Trustee, and, in the event that the Indenture Trustee shall consent to the making of payments directly to such holders of the Notes to pay to the Indenture Trustee such amounts as shall be sufficient to cover reasonable compensation to the Indenture Trustee, each predecessor Indenture Trustee and their respective agents, attorneys and counsel, and all other expenses and liabilities incurred, and all advances made, by the Indenture Trustee and each predecessor Indenture Trustee except as a result of negligence or bad faith.

(e)     Nothing herein contained shall be deemed to authorize the Indenture Trustee to authorize or consent to or vote for or accept or adopt on behalf of any holder of the Notes any plan of reorganization, arrangement, adjustment or composition affecting the Notes or the rights of any holder of the Notes thereof or to authorize the Indenture Trustee to vote in respect of the claim of any holder of the Notes in any such proceeding except, as aforesaid, to vote for the election of a trustee in bankruptcy or similar Person.

(f)     All rights of action and of asserting claims under this Indenture, or under any of the Notes may be enforced by the Indenture Trustee without the possession of any of the Notes or the production thereof in any trial or other Proceedings relative thereto, and any such action or Proceedings instituted by the Indenture Trustee shall be brought in its own name as trustee of an express trust, and any recovery of judgment, subject to the payment of the expenses, disbursements and compensation of the Indenture Trustee, each predecessor Indenture Trustee and their respective agents and attorneys, shall be for the ratable benefit of the holders of the Notes.

(g)     In any Proceedings brought by the Indenture Trustee (and also any Proceedings involving the interpretation of any provision of this Indenture to which the Indenture Trustee shall be a party), the Indenture Trustee shall be held to represent all the holders of the Notes and it shall not be necessary to make any holder of the Notes a party to any such Proceedings.

SECTION 5.04     Remedies; Priorities.  (a) If an Event of Default shall have occurred and be continuing, the Indenture Trustee may, or shall at the written direction of the Interested Noteholders representing not less than a majority of the Outstanding Amount of the applicable Classes of Notes (or such different percentage as set forth below), do one or more of the following (subject to Section 5.05):

(i)     institute Proceedings in its own name and as trustee of an express trust for the collection of all amounts then payable on the Notes or under this Indenture with respect thereto, whether by declaration or otherwise, enforce any judgment obtained, and collect from the Issuer and any other obligor upon such Notes moneys adjudged due;

(ii)     institute Proceedings from time to time for the complete or partial foreclosure of this Indenture with respect to the Indenture Trust Estate securing the Notes;

(iii)     exercise any remedies of a secured party under the UCC and take any other appropriate action to protect and enforce the rights and remedies of the Indenture Trustee and the holders of the Notes; and

36

TA81

(iv) sell the Indenture Trust Estate securing the Notes or any portion thereof or rights or interest therein, at one or more public or private sales called and conducted in any manner permitted by law;

*provided, however*, that the Indenture Trustee may not sell or otherwise liquidate the Indenture Trust Estate securing the Notes following an Event of Default, other than an Event of Default described in Section 5.01(i) or (ii), unless (x) 100% of the Noteholders consent to such sale, (y) the proceeds of such sale are sufficient to pay in full the principal of and the accrued interest on the Notes or (z) the Indenture Trustee determines that the collections on the Financed Student Loans would not be sufficient on an ongoing basis to make all payments on the Notes as such payments would have become due if such obligations had not been declared due and payable, and the Indenture Trustee obtains the consent of the holders of Notes, representing not less than a 66.67% of the Outstanding Amount of the Notes.

(b) If the Indenture Trustee collects any money or property under this Article V following the occurrence and during the continuation of an Event of Default with respect to Sections 5.01(i) or 5.01(ii) above or following the acceleration of the Notes pursuant to Section 5.02 upon an Event of Default with respect to Sections 5.01(i) or 5.01(ii) above, it shall pay out the money or property in the following order:

FIRST: pro rata based upon amounts owed to the Owner Trustee for amounts due under Article X of the Trust Agreement, to the Indenture Trustee for amounts due under Section 6.07, to the Irish Paying Agent for amounts due under the Irish Paying Agent Agreement, to the Grantor Trustee for amounts due under the Grantor Trust Agreement, to the Back-up Administrator for amounts due under the Back-up Administration Agreement, not to exceed $250,000 per annum in the aggregate, and (ii) to the Servicer and the Administrator, the unpaid fees owed by the Issuer to such parties;

SECOND: to the holders of the Class A Notes for amounts due and unpaid on the Class A Notes for interest, ratably, without preference or priority of any kind, according to the amounts due and payable on the Class A Notes for interest;

THIRD: to the holders of the Class A Notes for amounts due and unpaid on the Class A Notes for principal, ratably, without preference or priority of any kind, according to the amounts due and payable on the Class A Notes for principal, until the Outstanding Amount of the Class A Notes is zero.

FOURTH: to the holders of the Class B Notes for amounts due and unpaid on the Class B Notes for interest, without preference or priority of any kind, according to the amounts due and payable on the Class B Notes for interest;

FIFTH: to the holders of the Class B Notes for amounts due and unpaid on the Class B Notes for principal, without preference or priority of any kind, according to the amounts due and payable on the Class B Notes for principal, until the Outstanding Amount of the Class B Notes is zero;

Filed in Second Judicial District Court
2/18/2006 1:09:15 PM
Ramsey County, MN

SIXTH: to the holders of the Class C Notes for amounts due and unpaid on the Class C Notes for interest, without preference or priority of any kind, according to the amounts due and payable on the Class C Notes for interest;

SEVENTH: to the holders of the Class C Notes for amounts due and unpaid on the Class C Notes for principal, without preference or priority of any kind, according to the amounts due and payable on the Class C Notes for principal, until the Outstanding Amount of the Class C Notes is zero;

EIGHTH: pro rata based upon amounts owed, to the Owner Trustee, the Indenture Trustee, the Irish Paying Agent, the Grantor Trustee and the Back-up Administrator, for all amounts due and owing to such parties under the Basic Documents to the extent not paid pursuant to priority FIRST above, to FMC, for any unreimbursed Advances made pursuant to Section 8.11, and to the Servicer, the Administrator and the Guarantee Agency, for all amounts due and owing to such parties pursuant to the Basic Documents,

NINTH: to the holders of the Class A-5 Notes any Prepayment Penalties remaining unpaid from prior Distribution Dates; and

TENTH: to the Owner Trustee (on behalf of the Issuer), for distribution to the Certificateholders in accordance with the terms of the Trust Agreement.

The Indenture Trustee may fix a record date and payment date for any payment to the holders of the Notes pursuant to this Section. At least 15 days before such record date, the Issuer shall mail to each holder of the Notes and the Indenture Trustee a notice that states the record date, the payment date and the amount to be paid.

(c) If the Indenture Trustee collects any money or property under this Article V following the occurrence and during the continuation of an Event of Default other than with respect to Sections 5.01(i) or 5.01(ii) above or following the acceleration of the Notes pursuant to Section 5.02 upon an Event of Default other than with respect to Sections 5.01(i) or 5.01(ii) above, it shall pay out the money or property in the following order:

FIRST: pro rata based upon amounts owed (i) to the Owner Trustee for amounts due under Article X of the Trust Agreement, to the Indenture Trustee for amounts due under Section 6.07, to the Irish Paying Agent for amounts due under the Irish Paying Agent Agreement, to the Grantor Trustee for amounts due under the Grantor Trust Agreement, to the Back-up Administrator for amounts due under the Back-up Administration Agreement, not to exceed $250,000 per annum in the aggregate, and (ii) to the Servicer and the Administrator, the unpaid fees owed by the Issuer to such parties;

SECOND: to the holders of the Class A Notes for amounts due and unpaid on the Class A Notes for interest, ratably, without preference or priority of any kind, according to the amounts due and payable on the Class A Notes for interest;

THIRD: to the holders of the Class B Notes for amounts due and unpaid on the Class B Notes for interest, without preference or priority of any kind, according to the amounts due and payable on the Class B Notes for interest;

TA83

FOURTH: to the holders of the Class C Notes for amounts due and unpaid on the Class C Notes for interest, without preference or priority of any kind, according to the amounts due and payable on the Class C Notes for interest;

FIFTH: to the holders of the Class A Notes for amounts due and unpaid on the Class A Notes for principal, ratably, without preference or priority of any kind, according to the amounts due and payable on the Class A Notes for principal, until the Outstanding Amount of the Class A Notes is zero.

SIXTH: to the holders of the Class B Notes for amounts due and unpaid on the Class B Notes for principal, without preference or priority of any kind, according to the amounts due and payable on the Class B Notes for principal, until the Outstanding Amount of the Class B Notes is zero;

SEVENTH: to the holders of the Class C Notes for amounts due and unpaid on the Class C Notes for principal, without preference or priority of any kind, according to the amounts due and payable on the Class C Notes for principal, until the Outstanding Amount of the Class C Notes is zero;

EIGHTH: pro rata based upon amounts owed, to the Owner Trustee, the Indenture Trustee, the Irish Paying Agent, the Grantor Trustee and the Back-up Administrator, for all amounts due and owing to such parties under the Basic Documents to the extent not paid pursuant to priority FIRST above, to FMC, for any unreimbursed Advances made pursuant to Section 8.11, and to the Servicer, the Administrator and the Guarantee Agency, for all amounts due and owing to such parties pursuant to the Basic Documents;

NINTH: to the holders of the Class A-5 Notes any Prepayment Penalties remaining unpaid from prior Distribution Dates; and

TENTH: to the Owner Trustee (on behalf of the Issuer), for distribution to the Certificateholders in accordance with the terms of the Trust Agreement.

SECTION 5.05 Optional Preservation of the Financed Student Loans. If the Notes have been declared to be due and payable under Section 5.02 following an Event of Default and such declaration and its consequences have not been rescinded and annulled, the Indenture Trustee may, or shall at the written direction of the Interested Noteholders, representing not less than a majority of the Outstanding Amount of the applicable Classes of Notes, elect to maintain possession of the related Indenture Trust Estate. It is the desire of the parties hereto and the holders of the Notes that there be at all times sufficient funds for the payment of principal of and interest on each Class of Notes, and the Indenture Trustee shall take such desire into account when determining whether or not to maintain possession of the Indenture Trust Estate. In determining whether to maintain possession of the Indenture Trust Estate, the Indenture Trustee may, but need not, obtain and rely upon an opinion of an Independent investment banking or accounting firm of national reputation as to the feasibility of such proposed action and as to the sufficiency of the Indenture Trust Estate for such purpose.