SECTION 9.06  Reference in Notes to Supplemental Indentures. Notes authenticated and delivered after the execution of any supplemental indenture pursuant to this Article IX may, and if required by the Indenture Trustee shall, bear a notation in form approved by the Indenture Trustee as to any matter provided for in such supplemental indenture. If the Issuer or the Indenture Trustee shall so determine, new Notes so modified as to conform, in the opinion of the Indenture Trustee and the Issuer, to any such supplemental indenture may be prepared and executed by the Issuer and authenticated and delivered by the Indenture Trustee in exchange for Outstanding Notes.

SECTION 9.07  Conformity With the Trust Indenture Act. Every Supplemental Indenture executed pursuant to this Article IX shall conform to the requirements of the TIA as then in effect.

## ARTICLE X

## Reporting Requirements

SECTION 10.01  Annual Statement as to Compliance. The Issuer will cause the Servicer to deliver to the Administrator, any applicable annual statements as to compliance required by the Servicer's Servicing Agreement. Copies of any such annual statements will be provided to the Rating Agencies rating the Notes.

SECTION 10.02  Annual Independent Public Accountants' Servicing Report. Within 90 days of the end of the Servicer's regular fiscal-year or calendar-year audit period, the Issuer shall cause the Servicer to cause a firm of independent public accountants to furnish a statement to the Administrator and the Indenture Trustee in accordance with the Servicing Agreement. Copies of any such statement shall be provided to the Rating Agencies rating the Notes.

## ARTICLE XI

## Miscellaneous

SECTION 11.01  Compliance Certificates and Opinions, etc. Upon any application or request by the Issuer to the Indenture Trustee to take any action under any provision of this Indenture, the Issuer shall furnish to the Indenture Trustee (i) an Officers' Certificate of the Issuer stating that all conditions precedent, if any, provided for in this Indenture relating to the proposed action have been complied with and (ii) an Opinion of Counsel stating that in the opinion of such counsel all such conditions precedent, if any, have been complied with, except that, in the case of any such application or request as to which the furnishing of such documents is specifically required by any provision of this Indenture, no additional certificate or opinion need be furnished.

Every certificate or opinion with respect to compliance with a condition or covenant provided for in this Indenture shall include:

      (i)    a statement that each signatory of such certificate or opinion has read or has caused to be read such covenant or condition and the definitions herein relating thereto;

      (ii)    a brief statement as to the nature and scope of the examination or investigation upon which the statements or opinions contained in such certificate or opinion are based;

      (iii)    a statement that, in the opinion of each such signatory, such signatory has made such examination or investigation as is necessary to enable such signatory to express an informed opinion as to whether or not such covenant or condition has been complied with; and

      (iv)    a statement as to whether, in the opinion of each such signatory, such condition or covenant has been complied with.

SECTION 11.02 <u>Form of Documents Delivered to Indenture Trustee</u>. In any case where several matters are required to be certified by, or covered by an opinion of, any specified Person, it is not necessary that all such matters be certified by, or covered by the opinion of, only one such Person, or that they be so certified or covered by only one document, but one such Person may certify or give an opinion with respect to some matters and one or more other such Persons as to other matters, and any such Person may certify or give an opinion as to such matters in one or several documents.

Any certificate or opinion of an Authorized Officer of the Issuer may be based, insofar as it relates to legal matters, upon a certificate or opinion of, or representations by, counsel, unless such officer knows, or in the exercise of reasonable care should know, that the certificate or opinion or representations with respect to the matters upon which his certificate or opinion is based are erroneous. Any such certificate of an Authorized Officer or Opinion of Counsel may be based, insofar as it relates to factual matters, upon a certificate or opinion of, or representations by, an officer or officers of the Servicer, the Issuer or the Administrator, stating that the information with respect to such factual matters is in the possession of the Servicer, the Issuer or the Administrator, unless such counsel knows, or in the exercise of reasonable care should know, that the certificate or opinion or representations with respect to such matters are erroneous.

Where any Person is required to make, give or execute two or more applications, requests, consents, certificates, statements, opinions or other instruments under this Indenture, they may, but need not, be consolidated and form one instrument.

Whenever in this Indenture, in connection with any application or certificate or report to the Indenture Trustee, it is provided that the Issuer shall deliver any document as a condition of the granting of such application, or as evidence of the Issuer's compliance with any term hereof, it is intended that the truth and accuracy, at the time of the granting of such application or at the effective date of such certificate or report (as the case may be), of the facts and opinions stated in such document shall in such case be conditions precedent to the right of the Issuer to have such application granted or to the sufficiency of such certificate or report. The foregoing shall not,

however, be construed to affect the Indenture Trustee's right to rely upon the truth and accuracy of any statement or opinion contained in any such document as provided in Article VI.

SECTION 11.03 <u>Acts of Noteholders</u>. (a) Any request, demand, authorization, direction, notice, consent, waiver or other action provided by this Indenture to be given or taken by holders of the Notes may be embodied in and evidenced by one or more instruments of substantially similar tenor signed by such holders of the Notes, in person or by agents duly appointed in writing; and except as herein otherwise expressly provided such action shall become effective when such instrument or instruments are delivered to the Indenture Trustee, and, where it is hereby expressly required, to the Issuer. Such instrument or instruments (and the action embodied therein and evidenced thereby) are herein sometimes referred to as the "Act" of the holders of the Notes, signing such instrument or instruments. Proof of execution of any such instrument or of a writing appointing any such agent shall be sufficient for any purpose of this Indenture and (subject to Section 6.01) conclusive in favor of the Indenture Trustee and the Issuer, if made in the manner provided in this Section.

(b) The fact and date of the execution by any person of any such instrument or writing may be proved in any manner that the Indenture Trustee deems sufficient.

(c) The ownership of Notes, shall be proved by the Note Register.

(d) Any request, demand, authorization, direction, notice, consent, waiver or other action by the holder of any Notes shall bind the holder of every Note issued upon the registration thereof or in exchange therefor or in lieu thereof, in respect of anything done, omitted or suffered to be done by the Indenture Trustee or the Issuer in reliance thereon, whether or not notation of such action is made upon such Note.

SECTION 11.04 <u>Notices, etc., to Indenture Trustee, Issuer and Rating Agencies</u>. Any request, demand, authorization, direction, notice, consent, waiver or Act of holders of Notes, or other documents provided or permitted by this Indenture shall be in writing and if such request, demand, authorization, direction, notice, consent, waiver or act of holders of Notes, is to be made upon, given or furnished to or filed with:

(a) the Indenture Trustee by any holder of Notes, or by the Issuer shall be sufficient for every purpose hereunder if made, given, furnished or filed in writing to or with the Indenture Trustee at its Corporate Trust Office.

(b) the Issuer by the Indenture Trustee or by any holder of Notes shall be sufficient for every purpose hereunder if in writing and mailed, first-class, postage prepaid, to the Issuer addressed to: The National Collegiate Student Loan Trust 2005-3, c/o Delaware Trust Company, National Association, as Owner Trustee, 300 Delaware Avenue, 9th Floor, Wilmington, Delaware 19801, Attention: Corporate Trust Administration; with a copy to: The First Marblehead Corporation, The Prudential Tower, 800 Boylston Street, 34th Floor, Boston, Massachusetts 02199-8157, Attention: Controller, with a copy to Richard P. Zermani, Esq., or at any other address previously furnished in writing to the Indenture Trustee by the Issuer or the Administrator. The Issuer shall promptly transmit any notice received by it from the holders of the Notes to the Indenture Trustee.

Notices required to be given to the Rating Agencies by the Issuer, the Indenture Trustee or the Owner Trustee shall be in writing, personally delivered, electronically delivered, or mailed by certified mail, return receipt requested, and shall be deemed to have been duly given upon receipt (i) in the case of Moody's, via electronic delivery to "servicerreports@moodys.com", and for any information not available in electronic format, send hard copies to: Moody's Investors Service, Inc., ABS Monitoring Department, 99 Church Street, New York, New York 10007; (ii) in the case of Standard & Poor's, via electronic delivery to "Servicer_reports@sandp.com" and for any information not available in electronic format, send hard copies to: Standard & Poor's Ratings Services, 55 Water Street, 41st floor, New York, New York 10041-0003, Attention: ABS Surveillance Group; (iii) in the case of Fitch, via electronic delivery to "surveillance-abs-consumer@fitchratings.com" and for any information not available in electronic format, send hard copies to: Fitch Ratings, One State Street Plaza, New York, NY 10004, Attention: ABS Surveillance Group; or as to each of the foregoing, at such other address as shall be designated by written notice to the other parties.

SECTION 11.05  Notices to Noteholders; Waiver. Where this Indenture provides for notice to holders of Notes of any event, such notice shall be sufficiently given (unless otherwise herein expressly provided) if in writing and mailed, first-class, postage prepaid to each holder of Notes affected by such event, at his address as it appears on the Note Register, not later than the latest date, and not earlier than the earliest date, prescribed for the giving of such notice. In any case where notice to holders of the Notes is given by mail, neither the failure to mail such notice nor any defect in any notice so mailed to any particular holder of Notes shall affect the sufficiency of such notice with respect to other holders of Notes, and any notice that is mailed in the manner herein provided shall conclusively be presumed to have been duly given.

Where this Indenture provides for notice in any manner, such notice may be waived in writing by any Person entitled to receive such notice, either before or after the event, and such waiver shall be the equivalent of such notice. Waivers of notice by holders of the Notes shall be filed with the Indenture Trustee but such filing shall not be a condition precedent to the validity of any action taken in reliance upon such a waiver.

In case, by reason of the suspension of regular mail service as a result of a strike, work stoppage or similar activity, it shall be impractical to mail notice of any event to holders of the Notes when such notice is required to be given pursuant to any provision of this Indenture, then any manner of giving such notice as shall be satisfactory to the Indenture Trustee shall be deemed to be a sufficient giving of such notice.

Where this Indenture provides for notice to the Rating Agencies, failure to give such notice shall not affect any other rights or obligations created hereunder, and shall not under any circumstance constitute a Default.

SECTION 11.06  Alternate Payment and Notice Provisions. Notwithstanding any provision of this Indenture or any of the Notes to the contrary, the Issuer may enter into any agreement with any holder of the Notes providing for a method of payment, or notice by the Indenture Trustee or any Paying Agent to such holder of the Notes that is different from the methods provided for in this Indenture for such payments or notices. The Issuer will furnish to

the Indenture Trustee a copy of each such agreement and the Indenture Trustee will cause payments to be made and notices to be given in accordance with such agreements.

SECTION 11.07  [Reserved]

SECTION 11.08  Effect of Headings and Table of Contents. The Article and Section headings herein and the Table of Contents are for convenience only and shall not affect the construction hereof.

SECTION 11.09  Successors and Assigns. All covenants and agreements in this Indenture and the Notes by the Issuer shall bind its successors and assigns, whether so expressed or not. All agreements of the Indenture Trustee in this Indenture shall bind the successors, co-trustees and agents (excluding any legal representatives or accountants) of the Indenture Trustee.

SECTION 11.10  Separability. In case any provision in this Indenture or in the Notes shall be invalid, illegal or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

SECTION 11.11  Benefits of Indenture. Nothing in this Indenture or in the Notes, express or implied, shall give to any Person, other than the parties hereto and their successors hereunder, and the holders of the Notes, and any other party secured hereunder, and any other Person with an ownership interest in any part of the Indenture Trust Estate, any benefit or any legal or equitable right, remedy or claim under this Indenture.

SECTION 11.12  Legal Holidays. In any case where the date on which any payment is due shall not be a Business Day, then (notwithstanding any other provision of the Notes or this Indenture) payment need not be made on such date, but may be made on the next succeeding Business Day with the same force and effect as if made on the date on which nominally due, and no interest shall accrue for the period from and after any such nominal date.

SECTION 11.13  Governing Law. **THIS INDENTURE SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REFERENCE TO ITS CONFLICT OF LAW PROVISIONS, AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH SUCH LAWS. THIS INDENTURE IS SUBJECT TO THE PROVISIONS OF THE TIA THAT ARE REQUIRED TO BE PART OF THIS INDENTURE AND SHALL, TO THE EXTENT APPLICABLE, BE GOVERNED BY SUCH PROVISIONS.**

SECTION 11.14  Counterparts. This Indenture may be executed in any number of counterparts, each of which so executed shall be deemed to be an original, but all such counterparts shall together constitute but one and the same instrument.

SECTION 11.15  Recording of Indenture. If this Indenture is subject to recording in any appropriate public recording offices, such recording is to be effected by the Issuer and at its expense accompanied by an Opinion of Counsel (which may be counsel to the Indenture Trustee or any other counsel reasonably acceptable to the Indenture Trustee) to the effect that such recording is necessary either for the protection of the holders of the Notes or any

Filed in Second Judicial District Court
2/18/2006 1:09:15 PM
Ramsey County, MN

Filed in Second Judicial District Court
2/18/2006 1:09:15 PM
Ramsey County, MN

other Person secured hereunder or for the enforcement of any right or remedy granted to the Indenture Trustee under this Indenture.

SECTION 11.16 <u>Trust Obligations</u>. No recourse may be taken, directly or indirectly, with respect to the obligations of the Issuer, the Administrator, the Back-up Administrator, the Servicer, the Owner Trustee or the Indenture Trustee on the Notes or under this Indenture or any certificate or other writing delivered in connection herewith or therewith, against (i) the Administrator, the Back-up Administrator, the Servicer, the Indenture Trustee or the Owner Trustee in its individual capacity or (ii) any partner, owner, beneficiary, agent, officer, director, employee or agent of the Administrator, the Back-up Administrator, the Servicer, the Indenture Trustee or the Owner Trustee in its individual capacity, any holder or owner of a beneficial interest in the Issuer, the Owner Trustee or the Indenture Trustee or of any successor or assign of the Administrator, the Back-up Administrator, the Servicer, the Indenture Trustee or the Owner Trustee in its individual capacity, except as any such Person may have expressly agreed (it being understood that the Indenture Trustee and the Owner Trustee have no such obligations in their individual capacity) and except that any such partner, owner or beneficiary shall be fully liable, to the extent provided by applicable law, for any unpaid consideration for stock, unpaid capital contribution or failure to pay any installment or call owing to such entity.

This Indenture is executed and delivered by Delaware Trust Company, National Association ("DTCNA"), not individually or personally but solely as Owner Trustee of the Issuer in the exercise of the powers and authority conferred and vested in it and each of the representations, undertakings and agreements herein made on the part of the Issuer is made and intended not as a personal representation, undertaking and agreement by DTCNA but is made and intended for the purpose of binding only the Issuer and under no circumstances shall DTCNA be personally liable for the payment of any indebtedness or expenses of the Issuer or be liable for the breach or failure of any obligation, representation, warranty or covenant made or undertaken by the Issuer under this Indenture or otherwise.

SECTION 11.17 <u>No Petition</u>. The Indenture Trustee, by entering into this Indenture, and each holder of each Class of the Notes, by accepting a Note, hereby covenant and agree that they will not at any time institute against the Issuer, or join in any institution against the Issuer of, any bankruptcy, reorganization, arrangement, insolvency, receivership or liquidation proceedings, or other proceedings under any United States Federal or state bankruptcy or similar law in connection with any obligations relating to the Notes, this Indenture or any of the other Basic Documents.

SECTION 11.18 <u>Inspection</u>. The Issuer agrees that, on reasonable prior notice, it will permit any representative of the Indenture Trustee, during the Issuer's normal business hours, to examine all the books of account, records, reports, and other papers of the Issuer, to make copies and extracts therefrom, to cause such books to be audited by Independent certified public accountants, and to discuss the Issuer's affairs, finances and accounts with the Issuer's officers, employees, and Independent certified public accountants, all at such reasonable times and as often as may be reasonably requested. The Indenture Trustee shall and shall cause its representatives to hold in confidence all such information obtained from such examination or inspection except to the extent disclosure may be required by law (and all reasonable applications for confidential treatment are unavailing) and except to the extent that the Indenture

TA114

Filed in Second Judicial District Court
2/18/2016 1:08:15 PM
Ramsey County, MN

Trustee may reasonably determine that such disclosure is consistent with its obligations hereunder.

SECTION 11.19 <u>Third-Party Beneficiaries</u>. This Indenture will inure to the benefit of and be binding upon the parties hereto, the Noteholders, the Note Owners and their respective successors and permitted assigns. Except as otherwise provided in this Indenture, no other person will have any right or obligation hereunder.

IN WITNESS WHEREOF, the Issuer and the Indenture Trustee have caused this Indenture to be duly executed by their respective officers, thereunto duly authorized and duly attested, all as of the day and year first above written.

THE NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2005-3,

By: DELAWARE TRUST COMPANY,
NATIONAL ASSOCIATION,
not in its individual capacity but solely as
Owner Trustee,

By: _____
Name: _____
Title: _____

U.S. BANK NATIONAL ASSOCIATION,
not in its individual capacity but solely
as Indenture Trustee,

By: _____
Name: _____
Title: _____

STATE OF DELAWARE    )
                                   ) ss.:
COUNTY OF NEW CASTLE  )

    On the ____ day of October in the year 2005, before me, the undersigned, personally appeared _____, an Authorized Officer, of DELAWARE TRUST COMPANY, NATIONAL ASSOCIATION, as Owner Trustee of THE NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

    GIVEN UNDER MY HAND AND SEAL OF OFFICE, this ____ day of October 2005.

                                            _____
                                            Notary Public in and for
                                            the State of Delaware.

My commission expires:

SSL-DOCS2 70240931v7

TA117

STATE OF _____ )
                            ) ss.:
COUNTY OF _____ )

      On the \_\_\_\_ day of October in the year 2005, before me, the undersigned, personally appeared _____, a _____ of U.S. BANK NATIONAL ASSOCIATION, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

      GIVEN UNDER MY HAND AND SEAL OF OFFICE, this \_\_\_\_ day of October, 2005.

                                            _____
                                            Notary Public in and for
                                            the State of _____.

# EXHIBIT 3