IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In the Matter of the National Collegiate
Student Loan Trusts 2003-1, 2004-1, 2004-2,
2005-1, 2005-2, and 2005-3.

C.A. No. 16-341-SLR

**DECLARATION OF JAMES J. SABELLA IN IN SUPPORT OF THE
MOTION BY THE RESPONDENT TRUSTS FOR SUMMARY JUDGMENT**

I, James J. Sabella, declare as follows,

1. I am a Director in the law firm of Grant & Eisenhofer P.A., attorneys for Respondents National Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, and 2005-3 (the "Trusts"). I make this declaration in support of the Trusts' motion for summary judgment.

2. The Trusts' accompanying Opening Brief refers to the following materials, true copies of which are included in the Appendix being filed contemporaneously herewith:

> The Petition of U.S. Bank National Association, with the following exhibits:
> 1. Odyssey Servicing Agreement
> 2. Indenture
> 3. Special Servicing Agreement
> 4. Administration Agreement
> 5. Letter from NC Owners LLC to GSS Data Services, Inc., Feb. 4, 2015
> 6. Odyssey Invoices
> 7. Email from Lance Gotthoffer to Imelda Patio, Dec. 11, 2015
> 8. Odyssey Invoices
> 9. Officers' Certificate of Issuer, Jan. 14, 2016
> 10. Issuer Order to GSS Data Services, Inc., Jan. 20, 2016
> 11. Letter from GSS Data Services, Inc. to U.S. Bank National Association, Feb. 18, 2016

The Answer of the Trusts' to the Petition, with the following exhibits:
1. Trust Agreement
2. Appendix A to the Indenture

- NCSLT 2004-1 Servicer Consent Letter, June 10, 2004
- Master Servicing Agreement, Sept. 28, 2006
- Letter from D. Duclos to D. Uderitz, Mar. 6, 2012
- Email from K. Ruggiero to D. Uderitz, June 28, 2012
- Agenda for meeting, June 12, 2014
- Letter from NC Owners LLC to Wilmington Trust Company, Nov. 13, 2014
- Letter from T. Cook to the ratings agencies, Nov. 25, 2014
- Fitch Due Diligence Questions, Jan. 28, 2015
- S&P Due Diligence Questions, Feb. 3, 2015
- Waiver Agreement, Feb. 4, 2015
- Letter from D. Costello to U.S. Bank, Jan. 14, 2016
- Letter from Chaitman LLP to U.S. Bank, Jan. 14, 2016
- Letter from D. Costello to GSS Data Services, Inc., Feb. 17, 2016

I declare that the foregoing is true and correct under penalty of perjury of the laws of the United States of America.

Executed March 15, 2017

By: _____
JAMES J. SABELLA

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In the Matter of the National Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, and 2005-3.

C.A. No. 16-341-SLR

## DECLARATION OF JORGE RODRIGUEZ IN IN SUPPORT OF THE MOTION BY THE RESPONDENT TRUSTS FOR SUMMARY JUDGMENT

I, Jorge Rodriguez, declare as follows:

1. I am an officer of VCG Securities LLC, the representative of the Beneficial Owners of the Respondent Trusts in this case. I submit this this declaration in support of the Trusts' motion for summary judgment.

2. Since 2012, it is estimated that loans owned by the Trusts with a face value of hundreds of millions of dollars have become uncollectible due to the expiration of the statute of limitations, and that hundreds of millions if not billions of dollars of other loans have defaulted, are virtually uncollectible, and no payments were made on approximately three quarters of these loans.

3. While the Petition asserts that U.S. Bank was not aware of the negotiation or execution of the agreement with Odyssey, in fact U.S. Bank knew from the time it stepped in as Special Servicer in 2012 that the Owners wanted to hire Odyssey as a servicer for the Trusts.

4. The Rating Agency Condition contained in the Indentures for the Trusts involved in this case did not require any affirmative confirmation from the Ratings Agencies. They required only that 10 days pass without any notification from the Ratings Agencies that hiring Odyssey would result in a reduction or withdrawal of the then current rating of the Notes. With

respect to later trusts, the definition of Rating Agency Condition was revised to require affirmative confirmation from the Ratings Agencies.

5. After being notified of the Trusts' intention to hire Odyssey as a servicer, and being sent a copy of the Odyssey agreement, none of the Ratings Agencies sent any notification within 10 days (or at any other time since then) that hiring Odyssey would result in a reduction or withdrawal of the then current rating of the Notes.

I declare that the foregoing is true and correct under penalty of perjury of the laws of the United States of America.

Executed March *10*, 2017        By: _____
                                      JORGE RODRIGUEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In the Matter of the National Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, and 2005-3. | C.A. No. 16-341-SLR |

## DECLARATION OF DONALD UDERITZ IN SUPPORT OF THE MOTION BY THE RESPONDENT TRUSTS FOR SUMMARY JUDGMENT

I, Donald Uderitz, declare as follows:

1.  I am an officer of VCG Securities LLC. I make this declaration in order to summarize the work that Odyssey Education Resources LLC ("Odyssey") has performed for the National Collegiate Student Loan Trusts (the "Trusts").

2.  Odyssey is a limited liability company whose members are VCG Acquisitions, Inc. and Boston Portfolio Advisors, Inc. ("BP"). Odyssey was formed in order to provide services to the Trusts.

3.  Odyssey undertook to assess the historical performance of the Trusts' student loans, forecast future performance including delinquency and default rates, analyze the performance of the existing servicers, and ultimately prepare to take over as servicer for newly defaulted loans.

4.  Among the services that Odyssey has provided to the Trusts are the following:

    - Reviewed all deal documents and securitization closing binders for the Trusts. It was necessary to review documents from all the individual trusts to get a clear picture of the total portfolio including total number of loans, outstanding balance, and other factors relevant to the effective servicing and collection of loans.

    - Reviewed all governing trust documents including Trust Agreements, Loan Purchase Agreements, Loan Deposit and Sale Agreements, Loan Deposit and Security Agreements, Pool Supplements, Indentures, Servicing Agreements, Custodial Agreements, Servicer Consent Letters, Trust Receipt Letters, Special Servicing Agreement and Special Subservicer Agreement, and all related

amendments, Servicing Guidelines and all amendments thereto, Administration Agreements, Rating Agency Documents, Legal Opinions and UCC Filings.

- Conducted an extensive document mapping to identify contractual issues related to custody and proper chain of title.

- Analyzed and assessed documents to gain an understanding of the guidelines that were in place for the servicer and collection agencies. Reviewed the documents for compliance and identified numerous contractual breaches.

- Reviewed loan data and promissory notes to design methodology for calculating statute of limitations on thousands of loans.

- Calculated statute of limitation dates on thousands of loans to determine number of loans with both immediate and expected expiration of statute of limitations.

- Conducted an extensive search and review of hundreds of lawsuits filed by the existing Special Servicer from publically available sources and identified several important common occurrences of poor and problematic collection practices by existing Special Servicer and agents.

- Conducted an extensive review of numerous lawsuits filed by borrowers against the Trusts for poor and problematic collection practices by existing Special Servicer and agents.

- Designed and managed data requests on numerous occasions with U.S. Bank (as both Indenture Trustee and Special Servicer) and GSS Data Services (as Administrator).

- Aggregated historical servicer and collection agency performance data. Programmed import procedures and mapped fields to internal database for thousands of loans.

- Correlated loan level data received by Special Servicer and Administrator with review of lawsuits to confirm poor and problematic collection practices by existing Special Servicer and agents.

- Conducted an extensive review and analysis of interrogatories issued to each of the Trusts by the Consumer Finance Protection Bureau ("CFPB"). Correlated CFPB allegations with loan level data and lawsuit analysis to confirm poor and problematic collection practices by existing Special Servicer and agents.

- Built forecast models illustrating projected future default rates based on different scenarios.

- Conducted an operational review of services provided to the Trusts by the Servicer, Special Servicer, Special Subservicer, Collection Agents and the Administrator to assess why loans were defaulting at such a high rate.

TA616

- Met with Pennsylvania Higher Education Assistance Agency ("PHEAA") at its office to review servicing operations, guidelines, and data files it currently provides to third parties.

- Reviewed individual data fields on thousands of loans which PHEAA provides in its various monthly reports to gain an understanding of the specific use and definition of each field.

- Held numerous conference calls with PHEAA to review the existing servicer agreement and servicer guidelines and discuss what changes should be made to comply with current day best practices as well as new regulations that did not exist when the agreements were originally created.

- Discussed PHEAA's issues with the agreements and guidelines that were currently in place.

- Reviewed borrower level complaints and concerns regarding loan servicing and default management practices.

- Prepared draft amendments to servicer agreement and guidelines.

- Held conference calls with and visited rating agencies at their offices in New York to explain who Odyssey is and why it should take over management of the defaulted Trusts' student loans.

- Compiled and provided data requested by Rating Agencies.

- Managed all information and process to satisfy the Rating Agency Condition as required by the governing documents.

- Managed all legal communications related to onboarding Odyssey with the Trusts, including throughout the ratings process as well as assisted in preparation of Issuer Orders, Officer's Certificates and Legal Opinions.

- Met with Citigroup on various occasions to discuss the performance of the Trusts' portfolio and how Odyssey could improve future performance if employed.

5. In order to provide its services, Odyssey draws on personnel from VCG and BP. The services provided by Odyssey to the Trusts were performed principally by the following persons: From VCG: Donald Uderitz, Ryan Sadorf, Andrea Miller, Jorge Rodriguez, Sarah Campbell, Tristan Molina. From BP: Mark Mousseau, Tom Glanfield, and Kathy Palmer.

I declare that the foregoing is true and correct under penalty of perjury of the laws of the United States of America.

Executed March 10, 2017        By: _____
                                    Donald Uderitz

4